IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERRY D. KUYKENDALL                                                              PLAINTIFF

        v.                         Civil No. 11-2165

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Terry Kuykendall, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**    **Procedural Background:**

The plaintiff filed his applications for DIB and SSI on March 16, 2010, alleging an amended onset date of February 20, 2010[1], due to back problems, neck problems, high blood pressure, arthritis, and gout (feet, knees, and elbows). Tr. 113-120, 132, 149-150, 177-179.  His applications were denied initially and on reconsideration. Tr. 66-74, 77-80.

An administrative hearing was held on April 26, 2011. Tr. 22-61.  Plaintiff was present and represented by counsel.  At this time, Plaintiff was 49 years of age and possessed a college degree. Tr. 36, 113-134, 141-148, 185.  He had past relevant work ("PRW") experience as an automobile salesperson, consumer finance manager, and general sales manager. Tr. 134, 141-148.

---

[1]Plaintiff initially alleged an onset date of November 1, 2009.  Tr. 45-46.

On May 23, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's disorder of the cervical spine, disorder of the lumbar spine, hypertension, and obesity did not meet or equal any Appendix 1 listing. Tr. 12-13. The ALJ determined that plaintiff maintained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1576(b) and 416.967(b) except he is limited to occasional climbing of ramps and stairs, bending, stooping, kneeling, crouching, and overhead reaching. He is never to engage in climbing ladders, ropes, and scaffolds and crawling.

Tr. 13-17. With the assistance of a vocational expert, the ALJ then found that plaintiff could perform his PRW as an automobile salesperson, consumer finance manager, and general sales manager. Tr. 17.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on August 4, 2011. Tr. 1-3. Subsequently, plaintiff filed this action. Doc. # 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. Doc. # 10, 12.

## II.    **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the

2

Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©. A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *See Barnhart v. Walton*, 535 U. S. 212, 219-220 (2002).

A.      **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

AO72A
(Rev. 8/82)

**III. Discussion**:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, Plaintiff was involved in an automobile accident on February 20, 2010, exacerbating underlying degenerative disk/joint issues in both his back and his neck. Repeated examinations by chiropractor, Dr. Roger Bullington, revealed decreased lumbar and cervical flexion with pain, extension with pain, left rotation with pain, right rotation with pain, left lateral flexion with pain, and right lateral flexion with pain. Dr. Bullington also observed severe spasms, trigger point tenderness, and tender taut fibers in his neck and lower back . Tr. 225-264.

On April 27, 2010, Dr. Bullington completed a physical RFC assessment. Tr. 251-253. He indicated that Plaintiff could sit for 20 minutes at a time for a total of 2 hours per 8 hour workday, stand

4

for 15 minutes for a total of 1 hour, and walk for 20 minutes for a total of 2 hours. Further, Dr. Bullington concluded Plaintiff could frequently lift up to 10 pounds and occasionally lift 11 to 50 pounds. However, Plaintiff could never carry more than 10 pounds, could only occasionally carry 6 to 10 pounds, and could not use his right hand for pushing and pulling. Dr. Bullington also opined that Plaintiff could not crawl, climb, crouch, or kneel; could only occasionally bend, squat, reach above head, and stoop; and, could never be exposed to unprotected heights or be around moving machinery. He rated Plaintiff's pain as severe and identified redness, x-rays, joint deformity, muscle spasm, and spinal deformity as objective signs of pain. Dr. Bullington stated that Plaintiff would need to take unscheduled breaks during the work day, would miss more than four days of work per month due to his impairments or treatment, and would need to elevate his feet periodically during the day. Tr. 251-253.

On May 4, 2010, cervical x-rays revealed mild to moderate degenerative changes in the cervical spine. Tr. 275, 332-333.

X-rays obtained by Dr. Bullington in December 2010, revealed disk wedging high on the left at the L3-L4 and right L5-S1 levels; right spinous rotation at the L3, L4, and L5 levels; and, moderate disk thinning at the L5-S1 level. Disk wedging was also evident high on the left at the C1-2 and T2-3 levels, a kyphotic curve was evident in the cervical spine, intersegmental hyperflexion was present, and Plaintiff exhibited anterior head carriage. Tr. 225-229.

On December 27, 2010, Plaintiff underwent an orthopedic examination with Dr. Ted Honghiran. Tr. 293-296. Plaintiff gave a 30 year history of back and neck pain. He reported multiple accidents in the past, resulting in "occasional" pain. His last accident occurred on February 20, 2010, when he struck another vehicle that pulled out in front of him. Plaintiff indicated that he had been treated by a chiropractor, but reported no improvement. No scans were performed, but recent x-rays did reveal minimal degenerative disk disease of the cervical spine. Plaintiff stated that he had reached his

AO72A
(Rev. 8/82)

maximum medical expense for his automobile insurance and could not obtain any further treatment. Tr. 293-296.

An examination revealed a slow gait, a severely limited range of motion in the neck and back, and acute muscle spasms in his back and neck. Tr. 293-296. Plaintiff appeared to be in a moderate degree of pain, and his examination confirmed this. Dr. Honghiran assessed Plaintiff with muscle strain associated with neck and back injuries sustained in an automobile accident. He advised Plaintiff to obtain an MRI and to consult a bone specialist to determine his exact problem. Plaintiff indicated that he was waiting for the legal settlement with regard to the accident so he could go back for more treatment. Dr. Honghiran noted that his prognosis was good, and believed Plaintiff would be able to overcome his injury with conservative treatment. With his education, the doctor also believed he should be able to return to work. Tr. 293-296.

Understanding that Dr. Bullington is not an acceptable medical source, we note that he was the only treating practitioner to complete a medical source statement. Social Security Ruling 06-03p, 71 Fed. Reg. 45,593, 45,594 (Aug. 9, 2006) ("[O]nly 'acceptable medical sources' can be considered treating sources, as defined in 20 C.F.R. 404.1502 and 416.902, whose medical opinions may be entitled to controlling weight.'"). Dr. Honghiran completed an orthopedic examination of Plaintiff and documented moderate level pain and some significant range of motion limitations, but was not asked to complete a medical source statement describing the impact his findings would have on Plaintiff's ability to perform work-related tasks. Other examinations also documented muscle tightness and tenderness in his back, but failed to provide any insight into Plaintiff's RFC. Tr. 300-306, 315-316, 317-322. Without a statement translating these physical findings into work-related limitations, we do not believe the ALJ had sufficient evidence upon which to base his RFC.[2] Accordingly, we believe remand is

---

[2] The opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999).

necessary to allow the ALJ to obtain an RFC assessment from Dr. Honghiran and from Plaintiff's other treating doctors. *See Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

We also note that there is evidence to suggest that Plaintiff's financial status may have prevented him from obtaining additional medical treatment and medication. The ALJ did not, however, consider this possibility. Instead, he relied on Dr. Honghiran's statement that Plaintiff's condition would likely respond to conservative treatment and that Plaintiff would be able to return to work. The United States Court of Appeals for the Eighth Circuit has held that a lack of sufficient financial resources to follow prescribed treatment to remedy a disabling impairment may be an independent basis for finding justifiable cause for noncompliance. *Tome v. Schweiker,* 724 F.2d 711, 714 (8th Cir. 1984). Given Plaintiff's testimony that he had no health insurance, that he had reached the maximum medical allowable under his automobile insurance policy, and that he owed thousands of dollars in medical debt, we believe remand is also necessary to allow the ALJ to consider the impact Plaintiff's financial status may have had on his ability to obtain both medication and treatment.

### IV.     Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of June 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)